**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| CHEYNNE CHONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23-CV-131-PLC |
| | ) |
| CREDIT CONTROL LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the applications of self-represented plaintiff Cheynne Chong for leave to commence this civil action without prepayment of the required filing fee. ECF Nos. 2, 5. Having reviewed the motion and the financial information submitted in support, the Court will grant plaintiff's request to proceed *in forma pauperis* and waive the filing fee in this matter. *See* 28 U.S.C. § 1915(e)(2)(B). Additionally, the Court has carefully reviewed plaintiff's complaint and for the reasons discussed below, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff, a resident of California, seeks monetary and injunctive relief in this action against defendant Credit Control LLC ("Credit Control"). ECF No 1. In the section of the form complaint designated for him to state his 'Basis for Jurisdiction,' plaintiff appears to limit his allegations to violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*. *See id.* at 5 (listing several FDCPA provisions).

Plaintiff's claims, as set forth in his complaint, are as follows:

1) Defendant introduced fraud by attempting to collect on debts not previously owed. The defendant also introduced fraud by purchasing and holding personal information without entering into agreement or contract with Pla[i]ntiff. Defendant has failed to respond to all affidavits and notices of claims that were sent certified mail via the United States Postal Service.

2) Defendant was provided the opportunity to state a claim or to remain silent and to agree with all terms set forth in the unresponded [sic], unrebutted certified Notice of Liability, Notice of Fault and Opportunity to Cure and the Notice of Default and Imminent Liability, which included a Request for Admissions and a True Bill containing said violations. (exhibits are attached for the record)

ECF No. 1 at 5.

Attached to the complaint is an undated copy of a letter allegedly sent to defendant Credit Control from plaintiff. ECF No. 1-3 at 1. The letter directs defendant to "cease and desist all collections activities," and states that "it is illegal for [defendant] to collect on debts not previously owed to [defendant]," "to report to credit bureaus without [his] consent," and to keep his "personal information without entering into agreement of contract with [him]." The letter then appears to demand a payment in the amount of $9000 for the alleged violations. *See id.* (document titled 'Invoice for Violations').

Also attached to the complaint is copy of a letter, dated December 26, 2022, from Credit Control to plaintiff indicating it was attempting to collect a debt in the amount of $1,426.14. ECF No. 1-3 at 3. The letter identifies the original creditor as "Tempoe Financial, LLC DBA Kahuna" and the current creditor as "UHG I LLC." *Id.*

### Discussion

Having thoroughly reviewed the complaint, the Court finds plaintiff's FDCPA claims against defendant Credit Control fail to survive review under 28 U.S.C. § 1915(e)(2)(B) and should be dismissed at this time.

The FDCPA's purpose "is to eliminate abusive debt collection practices by debt collectors, and to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 318-19 (8th Cir. 2004). The FDCPA authorizes private lawsuits and fines in order to prevent debt collectors from engaging in prohibited practices. *Coyne v. Midland Funding, LLC*, 895 F.3d 1035, 1037 (8th Cir. 2018) ("[t]he FDCPA is a consumer-protection statute authorizing private lawsuits and weighty fines to deter wayward collection practices"). To state a prima facie case for a violation of the FDCPA, a plaintiff must allege: (1) the plaintiff is a consumer; (2) the defendant is a debt collector; (3) the debt collector attempted to collect a debt; and (4) the debt collector violated the FDCPA in some manner. *Dunham v. Portfolio Recovery Assocs., LLC*, 663 F.3d 997, 1001 (8th Cir. 2011). *See also Webb v. SuddenLink Commc'ns*, 2010 WL 3940905, at \*1 (E.D. Mo. Oct. 6, 2010).

In the case at bar, plaintiff's statement of claim does not specifically allege defendant Credit Control is a debt collector within the definition of the FDCPA. Read liberally, however, the Court will assume the attached December 26, 2022 letter from Credit Control to plaintiff is sufficient to plead that it is a debt collector who was attempting to collect a debt from plaintiff. *See* ECF No. 1-3 at 3. Nonetheless, even if the Court were to surmise that Credit Control is a debt collector, there is no indication in plaintiff's complaint or attachments that any of defendant's conduct qualified as a prohibited debt collection practice. Plaintiff also fails to assert that the alleged debt was consumer related.

Although plaintiff's complaint appears to allege that he never owed a debt to Credit Control, he attached a document to his complaint identifying defendant as a debt collector, listing who the original creditor was, and the amount owed to that creditor. *See id*. Plaintiff does not argue

that he did not owe the original debt Credit Control was trying to collect, nor does he allege Credit Control somehow lied to him about his debt, misrepresented the amount owed, or failed to verify the debt. Instead, plaintiff can be understood to assert that Credit Control violated the FDCPA because it purchased the debt "without entering into agreement or contract" with him, and failed to respond to his "affidavits and notices of claims." *See Bonner v. Manderich L. Grp., LLP*, 2022 WL 123780, at *2 (E.D. Mo. Jan. 13, 2022) (allegation that plaintiff did not give a debt collector "permission to contract with him or sue him" is not sufficient to plead an FDCPA claim). Plaintiff does not connect his allegations to any particular provision of law, and there is no basis to conclude that his assertions describe conduct prohibited by the FDCPA. In sum, plaintiff has offered nothing more than unsupported assertions and conjecture in support of his claim that Credit Control engaged in conduct prohibited by the FDCPA. He therefore fails to state a valid FDCPA claim.

While pro se complaints are construed liberally, "they still must allege sufficient facts to support the claims advanced." *Stone*, 364 F.3d at 914. Thus, plaintiff's allegations against defendant under the FDCPA or to the extent he alleges fraud[1] simply cannot survive review under 28 U.S.C. § 1915(e)(2)(B) and the Court will dismiss this action for failure to state a claim.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions for leave to proceed *in forma pauperis* [ECF Nos. 2 and 5] are **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

---

[1] Claims of fraud have a heightened pleading standard. The Federal Rules of Civil Procedure require a plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). *See also Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 920 (8th Cir. 2001).

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 3rd day of March, 2023.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE